1  LAW OFFICES OF BRANDON A. BLOCK
   A PROFESSIONAL CORPORATION
2  BRANDON A. BLOCK (Cal. Bar No. 215888)
   *brandon@bblocklaw.com*
3  433 North Camden Drive, Suite 600
   Beverly Hills, California 90210
4  Telephone: 310.887.1440
   Facsimile: 310.496.1420
5
   Attorneys for Plaintiffs
6  CASSIDY HOODY and LANITA HOODY

7

8              UNITED STATES DISTRICT COURT FOR THE

9                  SOUTHERN DISTRICT OF CALIFORNIA

10
   CASSIDY HOODY, an individual;          CASE NO. **'15CV0941 LAB BLM**
11 and LANITA HOODY, an
   individual                             **COMPLAINT FOR:**
12                                         1.  **VIOLATIONS OF THE**
              Plaintiff,                       **SERVICEMEMBERS CIVIL**
13                                             **RELIEF ACT;**
              vs.                          2.  **VIOLATIONS OF**
14                                             **CALIFORNIA'S REES-**
   LOBEL FINANCIAL                             **LEVERING AUTOMOBILE**
15 CORPORATION, a California                   **SALES FINANCE ACT;**
   corporation; NATIONS                    3.  **VIOLATIONS OF THE FAIR**
16 RECOVERY SERVICES, INC., a                  **COLLECTION PRACTICES ACT;**
   California corporation; and DOES 1     4.  **VIOLATIONS OF**
17 through 10, inclusive,                      **CALIFORNIA'S ROSENTHAL**
                                               **FAIR DEBT COLLECTION**
18            Defendants.                       **PRACTICES ACT;**
                                           5.  **CONVERSION; AND**
19                                         6.  **VIOLATIONS OF**
                                               **CALIFORNIA'S CONSUMER**
20                                             **CREDIT REPORTING**
                                               **AGENCIES ACT**
21
                                          JURY TRIAL DEMANDED
22

23

24        Plaintiffs Cassidy Hoody and Lanita Hoody (together, "**Plaintiffs**") allege

25 against defendants Lobel Financial Corporation ("**Lobel**"), Nations Recovery

26 Services, Inc. ("**NRS**"), and Does 1 through 10 (collectively, with Lobel and NRS,

27 "**Defendants**") as follows:

28

1

**JURISDICTION AND VENUE**

2

    1.    This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331

3

4

and 15 U.S.C. § 1692(k). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5

    2.    Venue is proper in the Southern District in that, among other things, a

6

7

substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

8

**PARTIES**

9

    3.    Plaintiff Cassidy Hoody is a natural person residing in San Diego

10

County, California.

11

    4.    Plaintiff Lanita Hoody is a natural person residing in San Diego

12

County, California.

13

    5.    Defendant Lobel is a California corporation with its principal place of

14

business in Anaheim, California. At all times relevant, Lobel has been and is

15

engaged in the business of providing financing to purchasers of motor vehicles

16

under conditional sales contracts and/or servicing such contracts.

17

    6.    Defendant NRS is a California corporation with its principal place of

18

business in El Monte, California. At all times relevant, NRS, for consideration, has

19

been and is engaged in business or accepted employment to locate or recover

20

collateral, whether voluntarily or involuntarily, including, but not limited to,

21

collateral registered under the provisions of the California Vehicle Code which is

22

subject to a security agreement.

23

    7.    Defendants Does 1 through 10 are persons or entities whose true names

24

and capacities are presently unknown to Plaintiffs, and who therefore are sued by

25

such fictitious names. Each of the fictitiously named Defendants perpetrated some or

26

all of the wrongful acts alleged herein, is responsible in some manner for the matters

27

alleged herein, and is jointly and severally liable to Plaintiffs. Plaintiffs will seek

28

leave of court to amend this Complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

8.      At all times mentioned herein, Defendants were the agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to Plaintiffs.

### OPERATIVE FACTS

9.      In November 2013, Plaintiffs purchased a 2004 Mini Cooper ("**Vehicle**") for personal, family or household purposes from a car dealership in San Diego pursuant to a conditional sale contract, as defined and regulated by California's Rees-Levering Automobile Sales Finance Act, Civ. Code §§ 2981, *et seq.* ("**RLA**"). The dealership assigned the contract to Lobel.

10.      As of November 17, 2014, Plaintiff Cassidy Hoody has been on active duty in the United States Navy, as such term is defined in 10 U.S.C. § 101(d). Cassidy Hoody made at least one deposit or installment payment under Plaintiffs' sale contract before entry into active duty

11.      Plaintiffs were current on all payments and in good standing on their Lobel account on December 8, 2014. Lobel nevertheless wrongfully repossessed Plaintiffs' Vehicle on that day, based on an alleged (but non-existent) payment default under their sale contract. Even if there was a default, Lobel did not obtain a court order authorizing the repossession, which was required due to Cassidy Hoody's active military duty.

12.      Lobel hired NRS to complete the nonjudicial (*i.e.*, without a court order) repossession of Plaintiffs' Vehicle. NRS did so in breach of the peace, in violation of California Commercial Code § 9609 and California Business and Professions Code § 7508.2(d). Specifically, NRS repossessed Plaintiffs' Vehicle car from a gated and locked garage, at Plaintiffs' apartment building in San Diego, California. At all relevant times, a scanner was required to open the gate and enter the garage. The scanner was available only to tenants of the building and other

persons with permission to access the garage. At all relevant times, NRS did not lawfully have a scanner or permission to access the garage. NRS illegally gained access to a scanner and/or otherwise unlawfully gained access to Plaintiffs' gated and locked garage, and unlawfully repossessed the Vehicle.

13.     On or about December 10, 2014, Lobel issued a Notice of Our Plan to Sell Property ("**Statutory Notice**") to Plaintiffs, a copy of which is attached hereto as **Exhibit 1**. The Vehicle thereafter was sold at auction, and on or about January 20, 2105, Lobel issued Plaintiffs a written Explanation of Calculation of Surplus or Deficiency ("**Deficiency Letter**"). The Deficiency Letter told Plaintiffs that the proceeds of the sale of their Vehicle were insufficient to pay off the balance due under Plaintiffs' contract, and that Lobel was assessing a deficiency balance against Plaintiffs in the amount of $4,717.20, which Lobel demanded Plaintiffs pay in full. Lobel has since sent at least one additional dunning letter to Plaintiffs, seeking further collection of the alleged deficiency balance.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE SERVICEMEMBERS CIVIL RELIEF ACT

**(By Plaintiff Cassidy Hoody Against Lobel And**

**Doe Defendants 1 Through 5, Inclusive)**

14.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

15.     Congress enacted the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501, *et seq.* ("**SCRA**"), (1) to provide for, strengthen, and expedite the national defense through protection extended by the SCRA to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service. Id., § 502.

16.     As of November 17, 2014, Plaintiff Cassidy Hoody has been a

1   "servicemember" under the SCRA, in that she has been a member of the uniformed
2   services, as that term is defined in 10 U.S.C. § 101(a)(5). Plaintiff Cassidy Hoody
3   entered military service, as that term is defined in 50 U.S.C. App. § 511(2)(A)(i), on
4   November 17, 2014.

5       17.   The SCRA, at 50 U.S.C. App. § 532, provides that, after a
6   servicemember enters military service, a contract by the servicemember for the
7   purchase of real or personal property (including a motor vehicle) may not be
8   rescinded or terminated for a breach of terms of the contract occurring before or
9   during that person's military service, nor may the property be repossessed for such
10  breach without a court order.

11      18.   As alleged herein, Defendants violated the SCRA by repossessing
12  Plaintiffs' Vehicle based on an alleged breach of Plaintiffs' sale contract occurring
13  before or during Plaintiff Cassidy Hoody's military service, without a court order.

14      19.   As a direct and proximate result of Defendants' violations of the
15  SCRA, Plaintiff Cassidy Hoody has been damaged in amounts that are subject to
16  proof.

17      20.   Plaintiff Cassidy Hoody is entitled to recover all appropriate relief,
18  including monetary damages according to proof, pursuant to 50 U.S.C. App.
19  § 597a(a)(2).

20      21.   Plaintiff Cassidy Hoody is entitled to an award of her reasonable
21  attorney's fees and costs in the filing and prosecution of this action pursuant to 50
22  U.S.C. App. § 597a(b).

23      WHEREFORE, Plaintiffs pray for relief as set forth below.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE RLA

**(By Plaintiffs Against Lobel And Doe Defendants 1 Through 5, Inclusive)**

27      22.   Plaintiffs reallege and incorporate herein by reference the allegations of
28  all paragraphs above.

23.     The RLA provides a detailed framework that governs conditional sale contracts for motor vehicles. The conditional sale contract entered into by Plaintiffs is subject to and governed by the provisions of the RLA. Each Defendant is or was a "seller" or "holder" of the contract, as those terms are used in the statute.

24.     Defendants violated the RLA, at Civil Code § 2983.3(a), by repossessing Plaintiffs' Vehicle and accelerating the maturity of any part or all of the amount due under their conditional sale contract in the absence of default in the performance of any of Plaintiffs' obligations under the contract.

25.     In order to protect consumers' valuable property interests in financed vehicles and afford buyers a full opportunity to make an informed decision as to whether to exercise their statutory rights of redemption or reinstatement, the RLA imposes mandatory and strict requirements upon holders of contracts, such as Defendants, following repossession or voluntary surrender of vehicles. In particular, the RLA requires the seller or holder to issue a detailed written notice of intention to dispose of a vehicle (*i.e.*, a Statutory Notice) to a buyer following repossession or surrender of his or her vehicle. California Civil Code § 2983.2 specifies the precise information and disclosures that must be included in the Statutory Notice in order to comply with the law. Section 2983.2 provides, in pertinent part, as follows:

> (a) Except where the motor vehicle has been seized as described in paragraph (6) of subdivision (b) of Section 2983.3, any provision in any conditional sale contract for the sale of a motor vehicle to the contrary notwithstanding, at least 15 days' written notice of intent to dispose of a repossessed or surrendered motor vehicle shall be given to all persons liable on the contract… Except as otherwise provided in Section 2983.8, those persons shall be liable for any deficiency after disposition of the repossessed or surrendered motor vehicle only if the notice prescribed by this section is given within 60 days of repossession or surrender and does all of the following:
>
> (1) Sets forth that those persons shall have a right to redeem the motor vehicle by paying in full the indebtedness evidenced by the contract until the expiration of 15 days from the date of giving or mailing the notice and provides an itemization of the contract balance and of any delinquency, collection or repossession costs and fees and sets forth the computation or estimate of the amount of any credit for unearned finance charges or canceled insurance as of the date of the notice.

(2) States either that there is a conditional right to reinstate the contract until the expiration of 15 days from the date of giving or mailing the notice and all the conditions precedent thereto or that there is no right of reinstatement and provides a statement of reasons therefor.

…

(4) Discloses the place at which the motor vehicle will be returned to those persons upon redemption or reinstatement.

(5) Designates the name and address of the person or office to whom payment shall be made….

26.     Absent strict compliance with the mandatory requirements for the Statutory Notice, a seller or holder of a conditional sale contract may not collect a deficiency from any person liable under a contract following disposition of a repossessed or surrendered vehicle. California Civil Code § 2983.2(a) specifically provides that those persons "shall be liable for any deficiency only if the notice prescribed" contains "all" of the disclosures mandated by the statute. The RLA, at Civil Code § 2983.8, further specifies that no seller or holder may obtain a deficiency judgment, and "no deficiency judgment shall lie in any event," against a person liable under a conditional sale contract following the sale or disposition of a repossessed or surrendered vehicle unless a court has determined, upon the affidavit of the seller or holder, or a hearing if the court so requires, that the sale or disposition conformed with the provisions of the RLA.

27.     The Statutory Notice that Defendants issued to Plaintiffs was defective and violated the RLA in at least the following ways:

a.      In violation of California Civil Code §§ 2983.2(a)(1), (a)(2) and (a)(5), the Statutory Notice failed to disclose the proper address for the governmental agency to whom a required $15 repossession fee had to be paid before Plaintiffs could get their Vehicle back. Under California Government Code § 26751, a consumer cannot obtain possession of his or her vehicle after reinstatement or redemption unless this $15 fee is paid, and proof of payment is shown to the party storing the vehicle. Defendants' Statutory Notice told Plaintiffs to pay the

Government Code fee at 1401 Broadway, San Diego, CA 92101, but Plaintiffs are informed and believe, and based thereon allege, that the correct address for payment of the fee was 4310 Landis Street, San Diego, CA 92105.

      b.     In violation of California Civil Code § 2983.2(a)(1), the Statutory Notice overstated the contract balance allegedly required for Plaintiffs to redeem their Vehicle.

      c.     In violation of California Civil Code § 2983.2(a)(2), the Statutory Notice overstated the amount of past due payments allegedly required for Plaintiffs to reinstate their contract.

      d.     In violation of California Civil Code § 2983.2(a)(4), the Statutory Notice did not disclose the proper place at which Plaintiffs' Vehicle would be returned upon redemption or reinstatement. The Statutory Notice stated that Plaintiffs' Vehicle would be returned to them in El Monte, California upon reinstatement or redemption. Plaintiffs are informed and believe, and based thereon allege, that Plaintiffs' Vehicle was never stored at any location in El Monte at any time during the reinstatement/redemption period, and the Vehicle would not have been returned to Plaintiffs at any location in El Monte upon reinstatement or redemption.

      e.     In violation of California Civil Code §§ 2983.2(a)(1), (a)(2) and (a)(5), the Statutory Notice failed to disclose multiple repossession fees and charges payable by Plaintiffs to the auto auction upon redeeming or reinstating, if Plaintiffs reinstated or redeemed after the auction had taken possession of the vehicle. Those fees and charges included, but are not limited to, storage fees, transportation fees, reconditioning fees, an administrative sale fee, DMV printout fee, mechanical work charges, and a general administration fee. The Statutory Notice also failed to disclose the payment address for the auto auction(s).

      f.     In violation of California Civil Code § 2983.2(a)(2), the Statutory Notice did not disclose that Defendants required Plaintiffs to provide two

personal references as a condition of reinstatement, which Plaintiffs were verbally told was required before Plaintiffs could reinstate their sale contract. Even if it had been disclosed, the requirement of references is illegal under the RLA. Civil Code § 2983.3(d) states that "the provisions of this subdivision cover the method by which a contract shall be reinstated with respect to curing events of default which were a ground for repossession or occurred subsequent to the repossession." Where the default was an alleged payment default, as in this case, the lender can only demand that the consumer make the defaulted payments and pay any applicable delinquency charges, and collection and repossession costs. Cal. Civ. Code § 2983.2(d)(1). There is no allowance for additional references.

28.     As a result of Defendants' failure to comply with the RLA, Defendants deprived Plaintiffs of substantial rights granted to them under the RLA, including the right to make an informed decision about whether to reinstate their contract or redeem their Vehicle. Plaintiffs are not liable under the explicit terms of Civil Code §§ 2983.2(a) and 2983.8 for any deficiency following the disposition of their Vehicle. Nevertheless, without any legal right to do so, Defendants have demanded that Plaintiffs owe them for a deficiency balance, as alleged herein.

29.     As a direct and proximate result of Defendants' violations of the RLA, Plaintiffs have suffered actual damages in an amount to be proven at trial.

30.     Plaintiffs are entitled to an award of their reasonable attorney's fees and costs in the filing and prosecution of this action pursuant to California Civil Code § 2983.4.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CLAIM FOR RELIEF

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (By Plaintiffs Against NRS And Doe Defendants 6 Through 10, Inclusive)

31.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

32.     Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive debt collectors contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Thus, Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("**FDCPA**"), to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

33.     Plaintiffs are "consumers" within the meaning of 15 U.S.C. § 1692a(3) in that they are natural persons obligated or allegedly obligated to pay a "debt".

34.     Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

35.     The purported debt which Defendants attempted to collect from Plaintiffs is a "debt" within the meaning of 15 U.S.C. § 1692a(5). Defendants sought to enforce a security interest related to Plaintiffs' obligation or alleged obligation to pay money to Lobel, arising out of a transaction in which the property which was the subject of the transaction (Plaintiffs' Vehicle) was primarily for personal, family or household purposes.

36.     15 U.S.C. § 1692f(6)(A) provides as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>       (6) Taking or threatening to take ***any nonjudicial action*** to effect dispossession or disablement of property if—

(A) there is ***no present right*** to possession of the property claimed as collateral through an enforceable security interest[.] (Bold and italics added.)

37.     As alleged herein, Defendants committed a breach of the peace by illegally entering a gated and locked garage in order to repossess the Vehicle. The breach of the peace occurred upon Defendants' illegally entry into the gated and locked garage, and Defendants lost any right to possession of Plaintiffs' Vehicle from that point forward, even if there was a default under Plaintiffs' contract with Lobel (and there was not). By completing the repossession in breach of the peace, Defendants took "any nonjudicial action" to effect dispossession or disablement of property (Plaintiffs' Vehicle) when there was "no present right" to possession of the property, in violation of § 1692f(6)(A). Defendants also did not have a present right to possession of the Vehicle because Plaintiff Cassidy Hoody was in active duty in military service and Defendants did not obtain a court order allowing them to repossess the Vehicle.

38.     As a proximate result of Defendants' violations of the FDCPA, Plaintiffs have been damaged in amounts which are subject to proof.

39.     Plaintiffs are entitled to recover their actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

40.     Plaintiffs are entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

41.     Plaintiffs are entitled to an award of their reasonable attorney's fees and costs in the filing and prosecution of this action pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiffs pray for relief as set forth below.

**FOURTH CLAIM FOR RELIEF**

**VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT**

**COLLECTION PRACTICES ACT**

**(By Plaintiffs Against NRS And Doe Defendants 6 Through 10, Inclusive)**

42.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

43.     The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). The Legislature thus enacted California's Rosenthal Fair Debt Collection Practices Act, Civ. Code §§ 1788, *et seq.* ("**Rosenthal FDCPA**"), to ensure the integrity of California's banking and credit industry. Id., § 1788.1(b).

44.     Plaintiffs are "debtors" within the meaning of California Civil Code § 1788.2(h) in that they are natural person from whom Defendants sought to collect a "consumer debt" within the meaning of Civil Code § 1788.2(f) – *i.e.*, money, property or their equivalent which was alleged to be due and owing to Lobel, by reason of a consumer credit transaction entered into with Plaintiffs.

45.     At all times relevant, Defendants were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another natural person.

46.     Civil Code § 1788.17 provides that debt collectors subject to the Rosenthal FDCPA collecting or attempting to collect a consumer debt must comply with the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, of the FDCPA. Section 1788.17 further provides that debt collectors subject to the Rosenthal FDCPA are subject to the remedies in § 1692k of the FDCPA.

47.     By violating the provisions of 15 U.S.C. § 1692f(6)(A), Defendants violated the Rosenthal FDCPA, at Civil Code § 1788.17.

48.     As a proximate result of Defendants' violations of the Rosenthal FDCPA, Plaintiffs have been damaged in amounts that are subject to proof.

49.     Plaintiffs are entitled to recover their actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

50.     Defendants' violations of the Rosenthal FDCPA were willful and knowing. Plaintiffs are entitled to recover the maximum amount of statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

51.     Plaintiffs are entitled to an award of their attorney's fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FIFTH CLAIM FOR RELIEF

### VIOLATIONS OF THE ROSENTHAL FDCPA

**(By Plaintiffs Against Lobel And Doe Defendants 1 Through 5, Inclusive)**

52.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

53.     At all times relevant, Defendants were "debt collectors" within the meaning of California Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another natural person.

54.     Defendants made false representations to Plaintiffs that they owed a

debt, and the amount and legal status of the alleged debt, by sending demand letters to Plaintiffs, in which Defendants stated that Plaintiffs owed a legally non-existent deficiency balance, and which demanded payment on the non-existent deficiency balance. Defendants' conduct violated 15 U.S.C. § 1692e, including §§ 1692e(2) and 1692e(10), incorporated into the Rosenthal FDCPA by Civil Code § 1788.17.

55.     Defendants violated 15 U.S.C. § 1692e(4) and Civil Code § 1788.17 by representing or implying that Plaintiffs' nonpayment of an alleged debt would result in sale of their Vehicle, when such action was not lawful because Plaintiffs were not in default under their sale contract.

56.     Defendants violated 15 U.S.C. § 1692f(6)(A) and Civil Code § 1788.17 by taking any nonjudicial action (including by hiring NRS to repossess Plaintiffs' Vehicle) when Defendants did not have a present right to possession of the Vehicle. Defendants did not have a present right to possession of the Vehicle for at least the following two reasons: (a) Plaintiff Cassidy Hoody was in active duty in military service and Defendants did not obtain a court order allowing them to repossess the Vehicle; and (b) Plaintiffs were in good standing on their Lobel account.

57.     As a proximate result of Defendants' violations of the Rosenthal FDCPA, Plaintiffs have been damaged in amounts that are subject to proof.

58.     Plaintiffs are entitled to recover their actual damages pursuant to California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

59.     Defendants' violations of the Rosenthal FDCPA were willful and knowing. Plaintiffs are entitled to recover the maximum amount of statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

60.     Plaintiffs are entitled to an award of their attorney's fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the

alternative, Civil Code § 1788.30(c).

WHEREFORE, Plaintiffs pray for relief as set forth below.

### SIXTH CLAIM FOR RELIEF

### CONVERSION

**(By Plaintiffs Against Lobel And Doe Defendants 1 Through 5, Inclusive)**

61.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

62.     Plaintiffs were entitled to possession of the Vehicle and the personal property in the Vehicle on December 8, 2014 for at least the following two reasons: (a) Plaintiff Cassidy Hoody was in active duty in military service and Defendants did not obtain a court order allowing them to repossess the Vehicle; and (b) Plaintiffs were in good standing on their Lobel account.

63.     Defendants' wrongful repossession of the Vehicle and the personal property in the Vehicle on December 8, 2014 constituted an interference with Plaintiffs' possession and right to possession of the Vehicle and the personal property in the Vehicle, and it deprived Plaintiffs of their right to possess the Vehicle and the personal property in the Vehicle. Defendants acted knowingly or intentionally when they wrongfully repossessed the Vehicle and the personal property in the Vehicle.

64.     After the unlawful repossession, Defendants wrongfully deprived Plaintiffs of possession of their Vehicle by inhibiting their right to reinstate their sales contract or redeem the Vehicle, in violation of Civil Code §§ 2983.2(a) and 2983.3(b). Defendants' Statutory Notice failed to provide Plaintiffs with sufficient and accurate information regarding all of the conditions necessary for reinstatement of their contract and the matters related to redemption of the Vehicle, as required by the RLA. Defendants also imposed conditions on Plaintiffs' right of reinstatement that were not allowed by the RLA.

65.     Defendants wrongfully deprived Plaintiffs of their property, even

1   though they are aware through various sources, including the decision of <u>Juarez v.</u>

2   <u>Arcadia Financial Ltd</u>., 152 Cal.App.4th 889 (2007), and other lawsuits against

3   Defendants, that the Statutory Notice issued to Plaintiffs is defective.

4        66.    Plaintiffs are entitled to recover damages for Defendants' conversion of

5   their property according to proof.

6        67.    Defendants acted with malice, oppression, and/or fraud towards

7   Plaintiffs within the meaning of Civil Code § 3294, thereby entitling Plaintiffs to an

8   award of punitive damages. Defendants' corporate officers, directors, or managing

9   agents are personally guilty of oppression, fraud or malice, had advance knowledge

10   of the unfitness of the employees who acted towards Plaintiffs with malice,

11   oppression, or fraud, employed such employees with conscious disregard for the

12   rights or safety of others, and/or themselves authorized or ratified the wrongful

13   conduct or knowingly accepted and retained the benefits of the wrongdoing.

14        WHEREFORE, Plaintiffs pray for relief as set forth below.

15   **SEVENTH CLAIM FOR RELIEF**

16   **CONVERSION**

17   **(By Plaintiffs Against NRS And Doe Defendants 6 Through 10, Inclusive)**

18        68.    Plaintiffs reallege and incorporate herein by reference the allegations of

19   all paragraphs above.

20        69.    Plaintiffs were entitled to possession of the Vehicle and the personal

21   property in the Vehicle on December 8, 2014 for at least the following two reasons:

22   (a) Plaintiff Cassidy Hoody was in active duty in military service and Defendants

23   did not obtain a court order allowing them to repossess the Vehicle; and

24   (b) Defendants were unable to complete the nonjudicial repossession of the Vehicle

25   without committing a breach of the peace. <u>See</u> Cal. Comm. Code § 9609.

26        70.    Defendants' wrongful repossession of the Vehicle and the personal

27   property in the Vehicle constituted an interference with Plaintiffs' possession and

28   right to possession of the Vehicle and the personal property in the Vehicle, and it

deprived Plaintiffs of their right to possess the Vehicle and the personal property in the Vehicle. Defendants acted knowingly or intentionally when they wrongfully repossessed the Vehicle and the personal property in the Vehicle.

71.     Plaintiffs are entitled to recover damages for Defendants' conversion of their property according to proof.

72.     Defendants acted with malice, oppression, and/or fraud towards Plaintiffs within the meaning of Civil Code § 3294, thereby entitling Plaintiffs to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards Plaintiffs with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## EIGHTH CLAIM FOR RELIEF

### VIOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.25(a))

**(By Plaintiffs Against Lobel And Doe Defendants 1 Through 5, Inclusive)**

73.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

74.     Plaintiffs are informed and believe, and based thereon allege, that Defendants reported falsely to one or more consumer credit reporting agencies that Plaintiffs owed a deficiency balance, after being notified that Plaintiffs did not owe any such debt, due to Defendants' noncompliance with the RLA.

75.     Plaintiffs are informed and believe, and based thereon allege, that after learning that the debt was not owed, Defendants continued reporting to the credit reporting agencies that Plaintiffs owed a deficiency balance.

76.     Defendants violated California Civil Code § 1785.25(a) by furnishing

17

information on a specific transaction or experience to a consumer credit reporting agency when they knew or should have known that such information was incomplete or inaccurate.

77.     Defendants are liable for said violations pursuant to Civil Code §§ 1785.25(g) and 1785.31.

78.     Plaintiffs have suffered actual damages as a result of Defendants' unlawful acts.

79.     Defendants' violations of the Consumer Credit Reporting Agencies Act were willful, entitling Plaintiffs to recover punitive damages in an amount determined by the Court.

80.     Plaintiff has been aggrieved by Defendants' violations described herein, and seeks injunctive relief commanding Defendants to delete their credit reporting tradeline from Plaintiffs' credit reports, and to cease all future credit reporting as to the subject account.

81.     Plaintiffs are entitled to an award of their attorney's fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Civil Code § 1785.31(d).

WHEREFORE, Plaintiff pray for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1.     For actual damages;

2.     For statutory damages;

3.     For punitive damages;

4.     For an order commanding Defendants to delete their credit reporting tradeline from Plaintiffs' credit reports, and to cease all future credit reporting as to the subject account;

5.     For pre-judgment interest to the extent permitted by law;

6.    For an award of Plaintiffs' attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7.    For such other and further relief as the Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand a trial by jury under the United States Constitution.

Dated: April 28, 2015                 LAW OFFICES OF BRANDON A. BLOCK
                                      A PROFESSIONAL CORPORATION

                                       /s/
                                    Brandon A. Block

                                    Attorneys for Plaintiffs
                                    CASSIDY HOODY and LANITA HOODY

COMPLAINT

# Exhibit 1

Date of Notice and Mailing: December 10, 2014          (FIRST CLASS)                    Account No: ▮▮8179

From:  LOBEL FINANCIAL                        Holder of Contract and Legal Owner of Motor Vehicle - Secured Party
       1150 N. MAGNOLIA AVE.
       ANAHEIM, CA 92801-2605
       714-995-3333

       LANITA L HOODY                         Person(s) Liable on Contract - Debtor(s) - Obligor
       ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### NOTICE OF OUR PLAN TO SELL PROPERTY
California Commercial Code 9613, 9614, 9623

Subject: Motor Vehicle Retail Conditional Sale Contract Dated November 5, 2013
Motor Vehicle ("Vehicle") Collateral: 04 MINI COOPER VIN: WMWRC33414TC49409, Lic: 5FPL532

We have your 04 MINI COOPER VIN: WMWRC33414TC49409, Lic: 5FPL532 because you broke promises in our agreement.

We will sell the 04 MINI COOPER VIN: WMWRC33414TC49409, Lic: 5FPL532 at private sale sometime after December 25, 2014.

A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To learn the exact amount you must pay, call us at 714-995-3333.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 714-995-3333, or write to us at 1150 N. Magnolia Ave. Anaheim, CA 92801 and request a written explanation.

If you need more information about the sale call us at 714-995-3333 or write us at 1150 N. Magnolia Ave. Anaheim, CA 92801.

We are sending this notice to the following other people who have an interest in the 04 MINI COOPER VIN:WMWRC33414TC49409, Lic: 5FPL532 or who owe money under your agreement: Cassidy N Hoody

### NOTICE OF INTENTION TO DISPOSE OF MOTOR VEHICLE
California Civil Code 2983.2, 2983.3

We intend to dispose of the Vehicle as explained in this Notice subject to your rights to get back the Vehicle as described in this Notice. The date for sale will be at least 15 days from the date of this Notice (20 days if this Notice is mailed outside of California or the address of any of the persons liable on the contract is outside of California). You have a right to request an extension of the time of 10 additional days (see Right to Request an Extension of Time below). Upon receipt of your written request for an extension of time, Lobel Financial shall extend for an additional 10 days, the sale of the Vehicle and both the reinstatement and redemption periods without further notice.

### RIGHT TO REINSTATE

You are in default under the contract as follows:

[X]   Failure to make payment(s) due under the contract.
[ ]   Failure to keep the Vehicle free from encumbrances and liens.
[ ]   Failure to keep and maintain insurance on the Vehicle.
[ ]   You voluntarily surrendered the Vehicle.

[X]   You have the right to reinstate the contract and get back the Vehicle. To reinstate, you must do the following (below) within 15 days of the date of this Notice (20 days if this Notice is mailed outside of California or the address of any of the persons liable on the contract is outside of California). You have the right to request an extension of the time of 10 additional days (see Right to Request an Extension of Time below). Upon receipt of your written request for an extension of time, Lobel Financial shall extend for an additional 10 days, the sale of the Vehicle and both the reinstatement and redemption periods without further notice. Your cure of the default must be made to Lobel Financial, Attention: Repossession Department at 1150 N. Magnolia Ave. Anaheim, CA 92801.

[X]   Pay the Total Amount Now Due

|   | | $ | |
|---|---|---|---|
| Past Due Payments | | $ | 394.90 |
| Encumbrance and Lien Expense | + | $ | 0.00 |
| Repossession Fee | + | $ | 325.00 |
| Total Amount Now Due | = | $ | 719.90 |

Continued on Rear

21

You must also pay the following amounts if they come due during the reinstatement period and if applicable, any extension period to reinstate your contract.

The reinstatement amount increases by $305.69 on December 20, 2014, by the amount of $15.28, ten days later, and by an additional $15.00 if a check is returned unpaid.

A fee of $15.00 is payable to San Diego Police Department,1401 Broadway,San Diego,Ca,92101 pursuant to Government Code 26751. Proof of payment must be provided to the party storing the Vehicle prior to its release.

Storage charges are $25.00 per day and are payable to NATIONS RECOVERY , 1864 PENNMAR AVENUE, SOUTH EL MONTE, CA 91733 who is storing the Vehicle and began accruing from the date of repossession which was December 8, 2014.

### RIGHT TO REDEEM

You have the right to redeem (get back) the Vehicle at any time up until the date we sell the Vehicle, or the date we enter into a contract for its sale, by paying to Lobel Financial, Attention: Repossession Department at 1150 N. Magnolia Ave. Anaheim, CA 92801 the Total Outstanding Due (not just the past due payments). This date will be at least 15 days from the date of this Notice (20 days if this Notice is mailed outside of California or the address of any of the persons liable on the contract is outside of California). You have the right to request an extension of the time of 10 additional days (see Right to Request an Extension of Time below). Upon receipt of your written request for an extension of time, Lobel Financial shall extend for an additional 10 days, the sale of the Vehicle and the redemption period without further notice.

| | | | |
|---|---|---|---|
| Contract balance | | $ | 9,119.51 |
| Delinquency fees | | $ | 0.00 |
| Repossession fees | + | $ | 325.00 |
| Subtotal | = | $ | 9,444.51 |
| Less unearned finance charge | - | $ | 1,726.90 |
| Less unearned insurance premium | - | $ | 0.00 |
| Less unearned insurance finance charge | - | $ | 0.00 |
| Less unearned GAP charge | - | $ | 0.00 |
| Less unearned GAP finance charge | - | $ | 107.28 |
| Less unearned LDW charge | - | $ | 0.00 |
| Total Outstanding Due | = | $ | 7,610.33 |

You must also pay the following amounts to redeem:

A fee of $15.00 is payable to San Diego Police Department,1401 Broadway,San Diego,Ca,92101 pursuant to Government Code 26751. Proof of payment must be provided to the party storing the Vehicle prior to its release.

Storage charges are $25.00 per day and are payable to NATIONS RECOVERY , 1864 PENNMAR AVENUE, SOUTH EL MONTE, CA 91733 who is storing the Vehicle and began accruing from the date of repossession which was December 8, 2014.

### LOCATION OF VEHICLE

If you have the right to reinstate and you reinstate the contract, or if you redeem the Vehicle by paying us the total outstanding due, the Vehicle will be returned to you at NATIONS RECOVERY , 1864 PENNMAR AVENUE, SOUTH EL MONTE, CA 91733.

### WRITTEN ACCOUNTING

We will provide you with a written accounting following sale of the Vehicle. If there is a surplus, it will be paid to you within 45 days of the date of sale unless we are required by law to pay it to someone else. You may request another written accounting, from Lobel Financial Attention: Repossession Department at 1150 N. Magnolia Ave. Anaheim, CA 92801 within one year of the date of the sale by personally serving us or mailing to us your written request by first class mail, postage prepaid, or certified mail, return receipt requested.

**NOTICE. YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.**

Upon disposition of the Vehicle, you will be liable for any deficiency balance plus interest at the contract rate, or at the legal rate of interest pursuant to California Civil Code Section 3289 if there is no contract rate of interest, from the date of disposition of the Vehicle to the date of entry of judgment.

---

### RIGHT TO REQUEST AN EXTENSION OF TIME

You must either personally serve this Request on us or send it to us by certified or registered mail, return receipt requested to Lobel Financial, Attention: Repossession Department: 1150 N. Magnolia Ave., Anaheim, CA 92801. If we receive this Request within 15 days of the date of this Notice (20 days if this Notice is mailed outside of California or the address of any of the persons liable on the contract is outside of California), we will extend, the sale of the Vehicle and the time to reinstate the contract, if you have that right, or to redeem your Vehicle, for 10 days without further notice.

To Lobel Financial _____

Your Name _____ Account No. ___0170 _____

Signature _____ Date _____